*J. L. Kaulukou*, for defendant.

———

KAMOHOALII (k) *v.* MAUNALOA (k) and FRANK (Portuguese.)

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED SEPT 25, 1896.        DECIDED OCTOBER 22, 1896.

JUDD, C.J., FREAR AND WHITING, JJ.

Nothing appearing why a motion for a new trial should be granted, the decision of the Circuit Judge denying the motion is affirmed.

OPINION OF THE COURT BY JUDD, C. J.

No briefs are filed by either side in this case, but we have examined the papers sent up and find no reason why the decision of Circuit Judge Carter refusing a new trial should be reversed.   We therefore affirm and adopt the decision excepted to.   We remark in addition that where a suit is for the restitution of a horse with damages for its detention a verdict "for the plaintiff," allowing him damages to the amount of legal interest on $40 (the valuation of the horse) from date of detention till date," is sufficiently certain and responsive to the demand.

Following is the decision now affirmed.

"This is an action of replevin for a horse which came on

for trial in the last February term before a jury on appeal from the District Court of Honolulu. The jury rendered a verdict for the plaintiff. The defendants thereupon excepted to the verdict as being contrary to law, the evidence, and the weight of evidence, and gave notice of a motion for a new trial. Newly discovered evidence is also set up as an additional ground for new trial.

"It is contended that the verdict is contrary to the law in that the same should be in the alternative, *i. e.*, for the return of the horse, or failing such return for the value of same together with damages. The declaration upon which action was brought prays for the return of the horse together with damages and costs of court. The instruction to the jury was no wider than the relief sought. However, the charge was acquiesced in by both parties, therefore this exception cannot now be considered.

"The same may be said of the rule of damages laid down.

"In regard to that part of the motion which claims that the verdict is contrary to the evidence or weight of evidence. The evidence was contradictory; the witnesses for the plaintiff testifying that the animal in question belonged to the plaintiff and the witnesses for the defendants testifying that the ownership was in Mr. A. Rosa, Sr. There was a great deal of testimony on both sides on the question of ownership. It was peculiarly a matter for the jury to decide and having decided it, I decline to interfere, no legal grounds for interference appearing.

"The jury in their verdict 'find for the plaintiff, allowing him damages to the amount of legal interest on forty ($40.00) dollars (the value of the horse) from date of detention till date.' The jury had been instructed that the action was for the recovery of a horse. The verdict is sufficiently certain. Where a verdict is intelligible and capable of being understood it will not be set aside although informal. Cobbey on Replevin, Sec. 1052.

"Motion overruled."

The exceptions are overruled.

*J. L. Kaulukou,* for plaintiff.

*A. Rosa,* for defendant.